DOC CANADY (DOCK CANADA) v. STATE.

No. 24216. January 5, 1949.

Hon. Max M. Rogers, Judge Presiding.

*Gordon M. Burns,* of Huntsville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for murder, punishment assessed at seven years in the penitentiary.

The only question presented is for the alleged error of the trial court in refusing a continuance because of the absence of the witness Johnny McClendan (McClendon). The record makes it quite apparent that the testimony of said witness was material. It is not necessary to set out the evidence which supports such statement.

The bill of exception complaining of the refusal of continuance and the explanation of said bill by the court shows the following facts. The indictment was returned on April 8, 1947. On April 12, 1947, appellant made bond for his appearance on November 3, 1947, which was the first day of the next term of court. On that date appellant was not present in person, but was represented by his attorney. The case was called and set down for trial November 12, 1947. On November 3 the State made application for its witnesses; subpoenas were issued and placed in the sheriff's hands on November 4, and were served the same day. The application for appellant's witnesses, including McClendan, was filed on November 6, subpoenas issued and placed in the sheriff's hands on November 8. On November 10 the sheriff returned the subpoena, his return showing that McClendan was served on November 8, and a charge of $2.40 mileage. When the case was called for trial on November 12 appellant called his witnesses and McClendan was absent. At this time the sheriff notified the court that his return as to said witness was an error, that in fact he had not been served; that immediately upon receiving the subpoena on November 8 he went to the community where all the witnesses lived and served all the witnesses for appellant except McClendan, and learned from residents that the witness had left the community on the afternoon of November 7; that he, the sheriff, had again attempted to serve the witness McClendan on November 10, but was still unable to locate him. The court then inquired of counsel for appellant why application had not been made for the witnesses sooner, and the court was informed by counsel that appellant was teaching school in another county, and it was necessary to write him and obtain from him the names and addresses of appellant's witnesses, and this caused the delay. There then appears the further statement of the court in his explanation to the bill.

"It therefore appeared to the Court that due dilligence had not been exercised by the defendant to obtain the attendance of his witnesses for the trial, in that it appeared from the statement of the Sheriff that had subpoenas been issued for defendant's witnesses at the same time they were issued for the State's wit-

nesses, the Sheriff would have been able to serve the witness Johnny McClendan before he left the county on the afternoon of November 7th, 1947."

It is clear that the court based his finding on lack of diligence in delaying filing application for process from November 3 to November 6. In this we think the court fell into error. It was appellant's first application for continuance, and the first time the case had ever been set down for trial. Of course, if appellant knew the absent witness intended to leave the place of his residence and delayed getting process for the purpose of laying a predicate for a continuance it would present a different situation, but there is an absence of anything suggesting such a contingency.

Under the record before us we think appellant should have been granted the continuance.

The judgment is reversed and the cause remanded.